UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NICHOLAS D. VALORIE, )
PAMELA M. VALORIE, )
KRISTEN M. VALORIE, )
NICHOLAS D. VALORIE III, )
FRANCIS B. SCHULER, )
ANN SCHULER, )
On behalf of themselves and all others similarly )
situated, and )
KEVIN J. SCHULER, )
 )
        Plaintiffs )
 )
v. ) Civil Action No.
 )
 ) **07-40119 FDS**
SOVEREIGN BANK, )
"CFS COLLECTION AGENCY," and )
"JOHN HARRISON," )
 )
        Defendants )

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

Plaintiffs Nicholas D. Valorie, Pamela M. Valorie, Kristen M. Valorie, Nicholas D. Valorie III, Francis B. Schuler, and Ann Schuler were subjected to abusive and deceptive conduct by a debt collector who identified himself to them as "John Harrison" (hereafter, "Harrison"). Among other indignities, Harrison said that he was going to have a sheriff press criminal charges against all of them, and "hunt down" Nicholas D. Valorie III and the subject of his search, plaintiff Kevin J. Schuler.

Plaintiffs have not been able to verify Harrison's identity and the name may be an alias. At all relevant times Harrison was employed by a collection agency whose identity Harrison did not disclose. Said agency is identified herein as the "CFS Collection Agency" (hereafter, "CFS") since this is the only information regarding same which plaintiffs have thus far been able to obtain, and plaintiffs believe that it is not the complete or fully-accurate name of the entity. Other employees of CFS contacted by plaintiffs, as well as certain employees of defendant Sovereign Bank, refused to disclose the full and/or correct identity of CFS.

Harrison contacted these plaintiffs with respect to a consumer loan debt allegedly owed by plaintiff Kevin J. Schuler, son of Francis and Ann Schuler, to Sovereign Bank. Harrison did not have Kevin's assent to contact them and Harrison's communications thus violated Kevin's rights under the FDCPA as well as his right to privacy.

Plaintiffs contend that Sovereign is jointly and severally liable for the unlawful conduct of CFS and Harrison since CFS was Sovereign's agent, Sovereign ratified the misconduct, and, Sovereign was negligent in utilizing CFS to carry out collection activity on its behalf. They further contend that Sovereign conspired with CFS to prevent plaintiffs from learning the true and full identity of CFS.

## Parties

1. Plaintiff Nicholas D. Valorie is an individual who at all relevant times has resided in Milford, Worcester County, Massachusetts.

2. Plaintiff Pamela M. Valorie is an individual who is the wife of Nicholas D. Valorie. At all relevant times she has resided in Milford, Worcester County, Massachusetts.

3. Plaintiff Kristen M. Valorie is an individual who is the daughter of Nicholas D. Valorie and Pamela M. Valorie. At all relevant times she has resided in Milford, Worcester County, Massachusetts.

4. Plaintiff Nicholas D. Valorie III is an individual who is the son of Nicholas D. Valorie and Pamela M. Valorie. At all relevant times he has resided in Worcester, Massachusetts.

5. Plaintiff Francis B. Schuler is an individual who at all relevant times has resided in Milford, Worcester County, Massachusetts.

6. Plaintiff Ann Schuler is an individual who is the wife of Frank Schuler. At all relevant times she has resided in Milford, Worcester County, Massachusetts.

7. Plaintiff Kevin J. Schuler is an individual who resides in Allston, Suffolk County, Massachusetts.

8. Defendant "CFS Collection Agency" (hereafter, "CFS") is, on information and belief, a collection agency with a principal place of business in Massachusetts or Connecticut which carries out consumer collection activities in Massachusetts on behalf of Sovereign Bank.

9. Defendant "John Harrison" (hereafter, "Harrison") is an individual employed as a debt collector by CFS.

10. Defendant Sovereign Bank (hereafter, "Sovereign") is a banking association with a principal place of business in Philadelphia, Pennsylvania.

### Jurisdiction and Venue

11. Plaintiffs have asserted claims under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Statement of Facts

13. On January 22, 2007, the following message was retrieved from the Valories' home telephone answering system:

> Yes, this message is for Nicholas D. Valorie and the Valorie family along with the Schulers. My name is John Harrison. I am calling in regard to a case our firm has retained to handle involving a Kevin J. Schuler and possibly a Nicholas Valorie. Our firm was retained to get a replevin order for the sheriff to hunt down either one of them who is using a 2003 Dodge Dakota which appears to be a Kevin J. Schuler and before any other charges that are pending against either of them are filed and I will speak to the prosecutor about Kevin J. Shuler hiding this vehicle possibly with Nicholas Valorie assisting him or aiding or abetting him in this maybe, we can get these charges shifted from civil to criminal as well as any subpoenas for deposition for the Valorie family, the Schuler family, or any people familiar with the, uh, either Kevin Shuler or Nicholas Valorie neighbors, people they may work with, etc. My contact number is 1-800-459-2156 extension 5353 and I will dispatch the sheriffs as soon as possible.

All four of the Valorie plaintiffs heard this message.

14. Over the course of several days following receipt of the above message, Nicholas D. Valorie placed approximately 20 calls to the toll-free number left by Harrison in order to inform him that no members of his family had anything to do with the matter in question

4

and to avoid the consequences which Harrison had threatened. Each time Valorie called, the person who answered failed and refused to identify himself or the company and simply hung up shortly after Valorie began speaking. On occasions he called 3 times in succession with the same result. When Valorie called a fourth time, an operator-intercept recording stated that the phone number he had called had been disconnected. When Valorie immediately called CFS from a different phone number, the call was answered and accepted by CFS. which resulted in him being immediately connected to CFS. On information and belief, CFS employed an operator intercept to avoid taking repeat calls from consumers.

15. Valorie then contacted Kevin J. Schuler, who provided Valorie with the name of the bank officer assigned to his loan, an Al Parker. Valorie contacted Parker and explained what had occurred as part of Valorie's continuing efforts to avoid the consequences threatened by Harrison. Parker denied having any knowledge of the agency which had called Valorie. Instead, he transferred Valorie to a Michael Dembek, who identified himself as the bank's supervisor of collections. Dembek defended the conduct to which the Valorie family had been subjected. When Valorie asked Dembek for the name of the collection agency which had contacted him, Dembek replied that it was "CFS Collections" in Connecticut, but denied knowing the address or telephone number of the agency. Over the next few days Valorie tried on several occasions to again reach Parker and Dembek by phone in an attempt to determine the identity and contact information for the agency. Each time he called he was put into voicemail. Each time he left a message, but received no response whatsoever from either individual.

16. On January 22, 2007, plaintiffs Francis and Ann Schuler retrieved the following message from their home telephone answering device:

> In regards to your name, number and information being left as a contact person for Mr. Kevin J. Schuler. My name is John Harrison, it is extremely important that I speak to either Kevin J. Schuler the object of the investigation in the case I am handling or yourselves. Our firm was retained to get a replevin order for the sheriff to hunt him down and repossess a 2003 Dodge Dakota. Before any other charges that are pending against him are filed, I will speak with the prosecutor about a possible theft by deception charge if it does appear he is hiding this vehicle, hopefully you are not aiding and abetting him, as well, as any subpoenas, depositions for yourself, Francis Schuler, your wife, any relatives as well as people he may work for or know. I can be contacted at 1-800-459-2156 extension 5353, and I'll dispatch the sheriffs as soon as possible.

17. Shortly after retrieving the above message, Ann Schuler called the toll-free number left by the caller and was connected to a female employee of CFS, who told Ann that the matter had been taken care of. When Ann asked whom she was calling, the employee replied that she could not provide that information. When Ann persisted, the representative stated that the matter had been taken care of and that it was out of their hands, and ended the call. Ann then placed a call to the phone number which had been identified on her caller I.D. system as that from which the above-described call had been placed. Her call was answered by a man who stated "Boston Police Department." Confused and distressed by that greeting, Ann hung up.

18. At all relevant times, CFS acted as Sovereign's agent in attempting to collect the alleged debt.

19. The conduct of Parker and Dembek, as set forth in paragraph 15, above, constituted the ratification by Sovereign of the wrongful conduct of CFS and Harrison in threatening plaintiffs and failing to make meaningful disclosure of CFS's identity.

20. Sovereign was negligent in hiring, retaining, training, and/or utilizing CFS to carry out collection activity on its behalf with respect to consumer debts.

21. CFS and Sovereign cooperated and conspired together to formulate and implement a policy of concealing CFS's identity from persons contacted by CFS in the course of attempting to collect debts on behalf of Sovereign.

### Individual Claims by the Valories

### COUNT I

22. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

23. CFS and Harrison used false, deceptive, and misleading misrepresentations and means in violation of 15 U.S.C. §1692e by making representations and threats which would not have been lawful and which were not intended to be taken.

24. As results of defendants' unlawful conduct, the Valories suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS Harrison, and Sovereign, jointly and severally:

   a. awarding each of them actual damages;

   b. awarding each of them statutory damages;

   c. awarding each of them interest, costs, and reasonable attorney's fees;

   d. awarding such further relief as shall be just and proper.

### COUNT II

25. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

26. CFS and Harrison engaged in conduct the natural consequence of which was to harass, oppress, and abuse plaintiffs in violation of 15 U.S.C. §1692d by making the above-described representations and threats.

27. As results of defendants' unlawful conduct, the Valories suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

    a. awarding each of them actual damages;

    b. awarding each of them statutory damages;

    c. awarding each of them interest, costs, and reasonable attorney's fees;

    d. awarding such further relief as shall be just and proper.\

### COUNT III

28. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

29. CFS and Harrison used unfair and unconscionable means to attempt to collect the alleged debt in violation of 15 U.S.C. §1692f by, *inter alia,* making the above-described representations and threats.

30. As results of defendants' unlawful conduct, the Valories suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

    a. awarding each of them actual damages;

   b. awarding each of them statutory damages;

   c. awarding each of them interest, costs, and reasonable attorney's fees;

   d. awarding such further relief as shall be just and proper.

## COUNT IV

31. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

32. CFS, acting through its employee Harrison, failed to make meaningful disclosure of its identity in the calls placed to the Valories, in violation of 15 U.S.C. §1692d(6).

   WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

   a. awarding each of them statutory damages;

   b. awarding each of them costs and reasonable attorney's fees;

   c. awarding such further relief as shall be just and proper.

### Individual Claims by Francis B. and Ann Schuler

## COUNT IV

33. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

34. CFS and Harrison used false, deceptive, and misleading misrepresentations and means in violation of 15 U.S.C. §1692e by making representations and threats which would not have been lawful and which were not intended to be taken.

35. As results of defendants' unlawful conduct, plaintiffs Francis and Ann Schuler suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

   WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

    a. awarding each of them actual damages;

    b. awarding each of them statutory damages;

    c. awarding each of them interest, costs, and reasonable attorney's fees;

    d. awarding such further relief as shall be just and proper.

### COUNT V

36. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

37. CFS and Harrison engaged in conduct the natural consequence of which was to harass, oppress, and abuse plaintiffs in violation of 15 U.S.C. §1692d by making the above-described representations and threats.

38. As results of defendants' unlawful conduct, plaintiffs suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

    a. awarding each of them actual damages;

    b. awarding each of them statutory damages;

    c. awarding each of them interest, costs, and reasonable attorney's fees;

    d. awarding such further relief as shall be just and proper.

### COUNT VI

39. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

40. CFS and Harrison used unfair and unconscionable means to attempt to collect the alleged debt in violation of 15 U.S.C. §1692f by, *inter alia,* making the above-described representations and threats.

41. As results of defendants' unlawful conduct, plaintiffs suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

    a. awarding each of them actual damages;

    b. awarding each of them statutory damages;

    c. awarding each of them interest, costs, and reasonable attorney's fees;

    d. awarding such further relief as shall be just and proper.

### COUNT VII

42. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

43. CFS, acting through its employee Harrison, failed to make meaningful disclosure of its identity in the calls placed to the Schulers, in violation of 15 U.S.C. §1692d(6).

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

    a. awarding each of them statutory damages;

    b. awarding each of them costs and reasonable attorney's fees;

    c. awarding such further relief as shall be just and proper.

### Individual Claims by Kevin J. Schuler

### COUNT VII

44. The allegations of paragraphs 1 - 21 are incorporated herein by reference as if fully set forth.

45. Harrison and CFS violated plaintiff's rights under 15 U.S.C. §1692c(b) by communicating with third parties without his consent.

46. As results of defendants' unlawful conduct, plaintiff suffered embarrassment, violation of his privacy, anxiety, and emotional distress.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

a. awarding him actual damages;

b. awarding him statutory damages;

c. awarding him interest, costs, and reasonable attorney's fees;

d. awarding such further relief as shall be just and proper.

**Plaintiffs claim trial by jury.**

By their attorney:

Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
kquat@quatlaw.com