## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLAS D. VALORIE,<br>PAMELA M. VALORIE,<br>KRISTEN M. VALORIE,<br>NICHOLAS D. VALORIE III,<br>FRANCIS B. SCHULER,<br>ANN SCHULER, and<br>KEVIN J. SCHULER,<br><br>    **Plaintiffs**<br><br>v.<br><br>SOVEREIGN BANK,<br>CONSUMER FINANCIAL SERVICES, LLC.,<br>and<br>"JOHN HARRISON,"<br><br>    **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Civil Action No. 07-40119-FDS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SECOND AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL
**(leave to file granted)**

  The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In addition, the Massachusetts Division of Banks has promulgated regulations designed to "establish standards, by defining unfair or deceptive acts or practices [prohibited under G.L. c. 93A], for the collection of debts from persons within the Commonwealth of Massachusetts by debt collectors. . . ." 209 CMR 18.01.

Plaintiffs Nicholas D. Valorie, Pamela M. Valorie, Kristen M. Valorie, Nicholas D. Valorie III, Francis B. Schuler, and Ann Schuler were subjected to abusive and deceptive conduct by a debt collector who identified himself to them as "John Harrison" (hereafter, "Harrison"). Among other indignities, Harrison said that he was going to have a sheriff press criminal charges against all of them, and "hunt down" Nicholas D. Valorie III and the subject of his search, plaintiff Kevin J. Schuler.

Plaintiffs have not been able to verify Harrison's identity and the name may be an alias. At all relevant times Harrison was employed by a collection agency whose identity Harrison did not disclose. Plaintiffs are informed and believe that said agency is the defendant Consumer Financial Services, LLC. ("CFS"). Other employees of CFS contacted by plaintiffs, as well as certain employees of defendant Sovereign Bank, also refused to disclose the full and/or correct identity of CFS.

Harrison contacted these plaintiffs with respect to a consumer loan debt allegedly owed by plaintiff Kevin J. Schuler, son of Francis and Ann Schuler, to Sovereign Bank. Harrison did not have Kevin's assent to contact them and Harrison's communications thus violated Kevin's rights under the FDCPA as well as his right to privacy.

Plaintiffs contend that Sovereign is jointly and severally liable for the unlawful conduct of CFS and Harrison since CFS was Sovereign's agent, Sovereign ratified the misconduct, and, Sovereign was negligent in utilizing CFS to carry out collection activity

on its behalf.  They further contend that Sovereign conspired with CFS to prevent plaintiffs from learning the true and full identity of CFS.

**Parties**

1.  Plaintiff Nicholas D. Valorie is an individual who at all relevant times has resided in Milford, Worcester County, Massachusetts.

2.  Plaintiff Pamela M. Valorie is an individual who is the wife of Nicholas D. Valorie.  At all relevant times she has resided in Milford, Worcester County, Massachusetts.

3.  Plaintiff Kristen M. Valorie is an individual who is the daughter of Nicholas D. Valorie and Pamela M. Valorie.  At all relevant times she has resided in Milford, Worcester County, Massachusetts.

4.  Plaintiff Nicholas D. Valorie III is an individual who is the son of Nicholas D. Valorie and Pamela M. Valorie.  At all relevant times he has resided in Worcester, Massachusetts.

5.  Plaintiff Francis B. Schuler is an individual who at all relevant times has resided in Milford, Worcester County, Massachusetts.

6.  Plaintiff Ann Schuler is an individual who is the wife of Frank Schuler.  At all relevant times she has resided in Milford, Worcester County, Massachusetts.

7.  Plaintiff Kevin J. Schuler is an individual who resides in Allston, Suffolk County, Massachusetts.

8.  Defendant Consumer Financial Services, LLC (hereafter, "CFS") is, on information and belief, a collection agency with a principal place of business in Southport, Connecticut.  It carries out consumer debt collection activities in Massachusetts on behalf of Sovereign Bank, and is a "debt collector" as defined by 15 U.S.C. §1692a and 209 CMR 18.18.

9. Defendant "John Harrison" (hereafter, "Harrison") is an individual employed as a debt collector by CFS.

10. Defendant Sovereign Bank (hereafter, "Sovereign") is a banking association with a principal place of business in Philadelphia, Pennsylvania.

**Jurisdiction and Venue**

11. Plaintiffs have asserted claims under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiffs' claims arising under state law.

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**Statement of Facts**

13. On January 22, 2007, the following message was retrieved from the Valories' home telephone answering system:

> Yes, this message is for Nicholas D. Valorie and the Valorie family along with the Schulers.  My name is John Harrison. I am calling in regard to a case our firm has retained to handle involving a Kevin J. Schuler and possibly a Nicholas Valorie.  Our firm was retained to get a replevin order for the sheriff to hunt down either one of them who is using a 2003 Dodge Dakota which appears to be a Kevin J. Schuler and before any other charges that are pending against either of them are filed and I will speak to the prosecutor about Kevin J. Shuler hiding this vehicle possibly with Nicholas Valorie assisting him or aiding or abetting him in this maybe**,** we can get these charges shifted from civil to criminal as well as any subpoenas for deposition for the Valorie family, the Schuler family, or any people familiar with the, uh, either Kevin Shuler or Nicholas Valorie neighbors, people they may work with, etc.  My contact number is 1-800-459-2156 extension 5353 and I will dispatch the sheriffs as soon as possible.

All four of the Valorie plaintiffs heard this message.

4

14. Over the course of several days following receipt of the above message, Nicholas D. Valorie placed approximately 20 calls to the toll-free number left by Harrison in order to inform him that no members of his family had anything to do with the matter in question and to avoid the consequences which Harrison had threatened.  Each time Valorie called, the person who answered failed and refused to identify himself or the company and simply hung up shortly after Valorie began speaking.  On occasions he called 3 times in succession with the same result. When Valorie called a fourth time, an operator-intercept recording stated that the phone number he had called had been disconnected.  When Valorie immediately called CFS from a different phone number, the call was answered and accepted by CFS  which resulted in him being immediately connected to CFS.  On information and belief, CFS employed an operator intercept to avoid taking repeat calls from consumers.

15.  Valorie then contacted  Kevin J. Schuler, who provided Valorie with the name of the bank officer assigned to his  loan, an Al Parker.  Valorie contacted Parker and explained what had occurred as part of Valorie's continuing efforts to avoid the consequences threatened by Harrison.   Parker denied having any knowledge of the agency which had called Valorie.  Instead, he transferred Valorie to a Michael Dembek, who identified himself as the bank's supervisor of collections.  Dembek defended the conduct to which the Valorie family had been subjected.  When Valorie asked Dembek for the name of the collection agency which had contacted him, Dembek replied that it was "CFS Collections" in Connecticut, but denied knowing the address or telephone number of the agency.  Over the next few days Valorie tried on several occasions to again reach Parker and Dembek by phone in an attempt to determine the identity and contact information for

the agency. Each time he called he was put into voicemail. Each time he left a message, but received no response whatsoever from either individual.

16. On January 22, 2007, plaintiffs Francis and Ann Schuler retrieved the following message from their home telephone answering device:

> In regards to your name, number and information being left as a contact person for Mr. Kevin J. Schuler. My name is John Harrison, it is extremely important that I speak to either Kevin J. Schuler the object of the investigation in the case I am handling or yourselves. Our firm was retained to get a replevin order for the sheriff to hunt him down and repossess a 2003 Dodge Dakota. Before any other charges that are pending against him are filed, I will speak with the prosecutor about a possible theft by deception charge if it does appear he is hiding this vehicle, hopefully you are not aiding and abetting him, as well, as any subpoenas, depositions for yourself, Francis Schuler, your wife, any relatives as well as people he may work for or know. I can be contacted at 1-800-459-2156 extension 5353, and I'll dispatch the sheriffs as soon as possible.

17. Shortly after retrieving the above message, Ann Schuler called the toll-free number left by the caller and was connected to a female employee of CFS, who told Ann that the matter had been taken care of. When Ann asked whom she was calling, the employee replied that she could not provide that information. When Ann persisted, the representative stated that the matter had been taken care of and that it was out of their hands, and ended the call. Ann then placed a call to the phone number which had been identified on her caller I.D. system as that from which the above-described call had been placed. Her call was answered by a man who stated "Boston Police Department." Confused and distressed by that greeting, Ann hung up.

18. At all relevant times, CFS acted as Sovereign's agent in attempting to collect the alleged debt.

6

19. The conduct of Parker and Dembek, as set forth in paragraph 15, above, constituted the ratification by Sovereign of the wrongful conduct of CFS and Harrison in threatening plaintiffs and failing to make meaningful disclosure of CFS's identity.

20. Sovereign was negligent in hiring, retaining, training, and/or utilizing CFS to carry out collection activity on its behalf with respect to consumer debts.

21. CFS and Sovereign cooperated and conspired together to formulate and implement a policy of concealing CFS's identity from persons contacted by CFS in the course of attempting to collect debts on behalf of Sovereign.

### Claims by the Valories

### COUNT I

22. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

23. CFS and Harrison used false, deceptive, and misleading misrepresentations and means in violation of 15 U.S.C. §1692e by making representations and threats which would not have been lawful and which were not intended to be taken.

24. As results of defendants' unlawful conduct, the Valories suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

   WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS Harrison, and Sovereign, jointly and severally:

   a. awarding each of them actual damages;

   b. awarding each of them statutory damages;

   c. awarding each of them interest, costs, and reasonable attorney's fees;

   d. awarding such further relief as shall be just and proper.

## COUNT II

25. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

26. CFS and Harrison engaged in conduct the natural consequence of which was to harass, oppress, and abuse plaintiffs in violation of 15 U.S.C. §1692d by making the above-described representations and threats.

27. As results of defendants' unlawful conduct, the Valories suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

   WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

   a. awarding each of them actual damages;

   b. awarding each of them statutory damages;

   c. awarding each of them interest, costs, and reasonable attorney's fees;

   d. awarding such further relief as shall be just and proper.\

## COUNT III

28. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

29. CFS and Harrison used unfair and unconscionable means to attempt to collect the alleged debt in violation of 15 U.S.C. §1692f by, *inter alia,* making the above-described representations and threats.

30. As results of defendants' unlawful conduct, the Valories suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

    a. awarding each of them actual damages;

    b. awarding each of them statutory damages;

    c. awarding each of them interest, costs, and reasonable attorney's fees;

    d. awarding such further relief as shall be just and proper.

## COUNT IV

31. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

32. CFS, acting through its employee Harrison, failed to make meaningful disclosure of its identity in the calls placed to the Valories, in violation of 15 U.S.C. §1692d(6).

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

    a. awarding each of them statutory damages;

    b. awarding each of them costs and reasonable attorney's fees;

    c. awarding such further relief as shall be just and proper.

## COUNT V

33. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

34. All of CFS's actions and omissions, as set forth herein, violated 15 U.S.C. §1692e since at no time was CFS licensed to carry on the business of a debt collector in Massachusetts as required by Massachusetts law.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS and Sovereign, jointly and severally:

    a. awarding each of them actual damages

    b.   awarding each of them statutory damages;

    c.   awarding each of them costs and reasonable attorney's fees;

    d.   awarding such further relief as shall be just and proper.

## COUNT VI

35. The allegations of paragraphs 1 – 34 are incorporated herein as if fully set forth.

36. At all relevant times, CFS has been engaged in trade or commerce in Massachusetts as defined by G.L. c. 93A, §1.

37. CFS acted unfairly and/or deceptively toward the Valories and violated their rights under G.L. c. 93A by violating the FDCPA as set forth above and engaging in the following conduct:

    (a) it failed and refused to make meaningful disclosure of its identity;

    (b) it engaged in harassing, abusive, unfair, and unconscionable conduct;

    (c) it made threats which were unlawful and which it did not have a present intent to carry out;

    (d) it failed to identify itself as a debt collector;

    (e) it failed to disclose that it was attempting to collect a debt and that any information obtained would be used for that purpose.

    (f) it engaged in consumer debt collection activity in Massachusetts without being licensed to do so.

38. The above-described conduct of CFS was willful or knowing in nature.

39. As results of defendants' unlawful conduct, the Valories suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

40. On June 5, 2007, the Valories – through counsel – sent CFS a demand for relief under G.L.c . 93A, §9, via certified mail, return receipt requested, which demand was duly received by CFS.

41. CFS did not make a reasonable written tender of settlement to the Valories within 30 days of its receipt of their demand.

42. The failure of CFS to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

   WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS and Sovereign, jointly and severally:

   a. awarding each of them actual damages or $25.00, whichever is greater;

   b. doubling or trebling any actual damages awarded;

   c. awarding each of them interest, costs and reasonable attorney's fees;

   d. awarding such further relief as shall be just and proper.

## **Claims by Francis B. and Ann Schuler**

### COUNT VII

43. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

44. CFS and Harrison used false, deceptive, and misleading misrepresentations and means in violation of 15 U.S.C. §1692e by making representations and threats which would not have been lawful and which were not intended to be taken.

45. As results of defendants' unlawful conduct, plaintiffs Francis and Ann Schuler suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

a. awarding each of them actual damages;

b. awarding each of them statutory damages;

c. awarding each of them interest, costs, and reasonable attorney's fees;

d. awarding such further relief as shall be just and proper.

### COUNT VIII

46. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

47. CFS and Harrison engaged in conduct the natural consequence of which was to harass, oppress, and abuse plaintiffs in violation of 15 U.S.C. §1692d by making the above-described representations and threats.

48. As results of defendants' unlawful conduct, plaintiffs suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

a. awarding each of them actual damages;

b. awarding each of them statutory damages;

c. awarding each of them interest, costs, and reasonable attorney's fees;

d. awarding such further relief as shall be just and proper.

### COUNT IX

49. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

50. CFS and Harrison used unfair and unconscionable means to attempt to collect the alleged debt in violation of 15 U.S.C. §1692f by, *inter alia,* making the above-described representations and threats.

51. As results of defendants' unlawful conduct, plaintiffs suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

   a. awarding each of them actual damages;

   b. awarding each of them statutory damages;

   c. awarding each of them interest, costs, and reasonable attorney's fees;

   d. awarding such further relief as shall be just and proper.

## COUNT IX

52. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

53. CFS, acting through its employee Harrison, failed to make meaningful disclosure of its identity in the calls placed to the Schulers, in violation of 15 U.S.C. §1692d(6).

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severaly:

   a. awarding each of them statutory damages;

   b. awarding each of them costs and reasonable attorney's fees;

   c. awarding such further relief as shall be just and proper.

## COUNT XI

54. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

55. All of CFS's actions and omissions, as set forth herein, violated 15 U.S.C. §1692e since at no time was CFS licensed to carry on the business of a debt collector in Massachusetts as required by Massachusetts law.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS and Sovereign, jointly and severally:

    a. awarding each of them actual damages

    b. awarding each of them statutory damages;

    c. awarding each of them costs and reasonable attorney's fees;

    d. awarding such further relief as shall be just and proper.

## COUNT XII

56. The allegations of paragraphs 1 – 21 and 43-55 are incorporated herein as if fully set forth.

57. At all relevant times, CFS has been engaged in trade or commerce in Massachusetts as defined by G.L. c. 93A, §1.

58. CFS acted unfairly and/or deceptively toward the Schulers and violated their rights under G.L. c. 93A by violating the FDCPA as set forth above and engaging in the following conduct:

    (a) it failed and refused to make meaningful disclosure of its identity;

    (b) it engaged in harassing, abusive, unfair, and unconscionable conduct;

    (c) it made threats which were unlawful and which it did not have a present intent to carry out;

    (d) it failed to identify itself as a debt collector;

(e) it failed to disclose that it was attempting to collect a debt and that any information obtained would be used for that purpose.

(f) it engaged in consumer debt collection activity in Massachusetts without being licensed to do so.

59. The above-described conduct of CFS was willful or knowing in nature.

60. As results of defendants' unlawful conduct, the Schulers suffered fear, anxiety, and emotional distress, leading to headaches, loss of sleep, and distraction from daily activities.

61. On June 5, 2007, the Valories – through counsel – sent CFS a demand for relief under G.L.c . 93A, §9, via certified mail, return receipt requested, which demand was duly received by CFS.

62. CFS did not make a reasonable written tender of settlement to the Valories within 30 days of its receipt of their demand.

63. The failure of CFS to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment against CFS and Sovereign, jointly and severally:

a. awarding each of them actual damages or $25.00, whichever is greater;

b. doubling or trebling any actual damages awarded;

c. awarding each of them interest, costs and reasonable attorney's fees;

d. awarding such further relief as shall be just and proper.

### Claims by Kevin J. Schuler

### COUNT XIII

64. The allegations of paragraphs 1 - 21 are incorporated herein by reference as if fully set forth.

65. Harrison and CFS violated plaintiff's rights under 15 U.S.C. §1692c(b) by communicating with third parties without his consent.

66. As results of defendants' unlawful conduct, plaintiff suffered embarrassment, violation of his privacy, anxiety, and emotional distress.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against CFS, Harrison, and Sovereign, jointly and severally:

   a.  awarding him actual damages;

   b.  awarding him statutory damages;

   c.  awarding him interest, costs, and reasonable attorney's fees;

   d.  awarding such further relief as shall be just and proper.

## COUNT XIV

67. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

68. All of CFS's actions and omissions, as set forth herein, violated 15 U.S.C. §1692e since at no time was CFS licensed to carry on the business of a debt collector in Massachusetts as required by Massachusetts law.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against CFS and Sovereign, jointly and severally:

   a.  awarding him actual damages

   b.  awarding him statutory damages;

   c.  awarding him costs and reasonable attorney's fees;

   d.  awarding such further relief as shall be just and proper.

**Plaintiffs claim trial by jury.**

By their attorney:

/s/Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
kquat@quatlaw.com